## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LEON FULTON**                                                     **CIVIL ACTION**

**VERSUS**                                                              **NO:       08-3061**

**REPUBLIC FIRE AND CASUALTY**                        **SECTION: "C" (4)**
**INSURANCE COMPANY**

### ORDER

Before the Court is an unopposed **Motion to Fix Attorney's Fees** (**R. Doc. 16**) filed by

Defendant, Republic Fire and Casualty Insurance Company ("Republic") in compliance with the

Court's **Order (R. Doc. 15)**, which granted as unopposed Republic's Motion To Compel Initial

Disclosures and Discovery Responses (R. Doc. 11).  The motion was heard without oral argument

on Wednesday, August 12, 2009.

**I.      Factual Summary**

Plaintiff, Leon Fulton ("Fulton"), was obligated to provide initial disclosures and discovery

in compliance with Federal Rule of Civil Procedure ("Rule") 26 and failed to do so.  As a result,

Republic filed a Motion to Compel Initial Disclosures and Discovery (R. Doc. 11), which was

granted by the undersigned on July 20, 2009.  The Court ordered the award of attorney's fees and

costs in connection with Fulton's failure to comply.  Republic now seeks an award of $302.50 in

attorneys fees and costs.

## II.    Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III.    Analysis

### A.    Calculating a Reasonable Hourly Rate

The fee application submitted by Republic seeks to recover fees for services rendered by counsel, Lee M. Peacocke ("Peacocke"), who was assigned the task of preparing the Motion to

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Compel Initial Disclosures and Discovery. (R. Doc. 16-2, p. 2). According to Republic, Peacocke's hourly billable rate is $140.00. (R. Doc. 16-2, p. 2).

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should

consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Peacocke, in seeking award of attorneys fees, contends that his regular hourly rate is $140.00 per hour. (R. Doc. 16-2, p. 2.) In support of his fee application, Peacocke submitted an affidavit indicating that he has been licensed to practice law in Louisiana for over twenty years. (R. Doc. 16-3, Ex. A, ¶ 1). He is a graduate of the University of Mississippi School of Law. (R. Doc. 16-3, Ex. A, ¶ 1). He further attests that he has been involved in prior discovery disputes in the Eastern District, and that his billing rate of $140.00 is commensurate with the rates charged in similar cases by other local attorneys will similar skill, experience and reputation. (R. Doc. 16-3, Ex. A, ¶¶ 2-3.)

After reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that an adjusted rate of $140.00 is appropriate and reasonable for Peacocke's work on the motion. *See Battiste v. Allstate Ins. Co.*, Civ. A. 07-8790, 2008 WL 2787468, at *2 (E.D. La. Jul.16, 2008) (Roby, J) (awarding an hourly rate of $150.00 to a lawyer with eighteen (18) years of legal experience); *Davis v. Am. Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J) (awarding hourly rates of $125.00 for an attorney with one (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metro. Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb.28, 2008) (Roby, J) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec.19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

Republic also seeks $22.50 for .3 hours of service at $75.00 per hour, rendered by Peacocke's paralegal for the preparation of exhibits for the Motion to Compel. However, Republic does not identify the paralegal or attest to his/her qualifications. Therefore, the request for fees associated with work done by the paralegal, in the amount of $22.50, is disallowed.

## B. Determining the Reasonable Hours Expended

Republic claims that Peacocke spent a total of 2 hours: (1) in preparing for and participating in the requisite Rule 37.1 conference; and (2) in submitting the motion to compel. (*See* R. Doc. 16-2, p. 2.) Based on this calculation, Peacocke's fee award would be $280.00. Republic contends that the hours and time submitted are reasonable within the meaning of the lodestar and should therefore be awarded by the Court. (R. Doc. 16-2, p. 2).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the*

*Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court notes that Republic did not supply the necessary billing statement to determine the reasonableness of the fees requests. In his affidavit, Peacocke indicates that he spent a total of two hours on the Rule 37.1 conference and the motion to compel. (R. Doc. 16-3, Ex. A) However, without the billing statement, the Court lacks sufficient documentation to evaluate Peacocke's claim. After analyzing Peacocke's claim and his supporting affidavit, and noting that Peacocke did not submit a billing statement, the Court awards Peacocke fees for a total of 1.25 hours.

Therefore, for the work performed by Peacocke, after adjusting the billing time from 2 hours to 1.25 hours, the reasonable fee owed by Fulton is $170.00.[2] Republic will be awarded no fees for work the .3 hours of work allegedly done by Peacocke's paralegal. As noted above, Republic failed to attach the necessary documentation for the Court to determine if the alleged fees were reasonable.

### C.     Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

---

[2]The fees were determined by multiplying $140.00 by the adjusted billing time of 1.25 hours, which yields a total of $175.00.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the **Motion to Fix Attorney's Fees (R. Doc. 16)** is **GRANTED IN PART** and **DENIED IN PART**.

•       **IT IS GRANTED** as to Peacocke's fees.  The Court finds that a total fee of **$175.00** is reasonable in the matter here.

•       **IT IS DENIED** as to the fees for Peacocke's paralegal for failure to provide sufficient documentation attesting to his/her skills and experience or a billing statement.

**IT IS FURTHER ORDERED** that Fulton  shall satisfy his obligation to Republic no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 14th day of October 2009.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**